Ross v. McQuiston et al.

1. **Practice in the Supreme Court:** VERDICT: EVIDENCE. A finding of fact by the court below does not require a preponderance of evidence to sustain it on appeal, but it will not be disturbed if it is supported by any evidence, and is not the result of passion or prejudice.

2. **Insanity:** PROOF OF: CONFESSION. Upon the trial of an issue of insanity, all the facts connected with the personal history of the person alleged to be insane are competent evidence, and his own confession that for a long period, including the time in question, he had been of unsound mind, is admissible.

3. —————: —————: WILL. Another will than the one in controversy, executed when the testator was confessedly insane, is admissible to rebut the presumption of sanity arising from the form or character of the will offered for probate.

*Appeal from Allamakee Circuit Court.*

TUESDAY, DECEMBER 12.

THE plaintiff, who is sole devisee and legatee therein, and named as executor, filed a will of A. S. Ross for probate in the Circuit Court of Allamakee county. The defendants resisted the probate of the will on the ground that at the time of its execution the decedent was not of sound mind, and upon a

trial of the cause to the court it was so found, and a judgment accordingly was entered. Plaintiff appeals.

*Dayton & Dayton,* for appellant.

*Stoneman & Chapin* and *M. B. Hendrick,* for appellee.

BECK, J.—I. This action, not being in chancery, cannot be tried here *de novo,* but must be reviewed upon errors assigned on the record. *Leighton v. Orr,* 44 Iowa, 679; *Sisters of Visitation v. Glass,* p. 154, *post.*

Plaintiff's assignment of errors presents two grounds of objection to the judgment of the court below. They require but brief consideration.

It is first insisted that the judgment of the Circuit Court is against the evidence. The conclusion reached by the court below, that at the time the will was executed the decedent was insane, appears to us to be supported by the strong preponderance of the evidence. The plaintiff does not contest the fact that at certain periods of his life the decedent was insane, and that his mental disorder was of such character that there could be no mistake in reaching the conclusion that he was of unsound mind, and not competent to make a will. The decided preponderance of the evidence is that at the time the will offered for probate was executed he was in that condition. Plaintiff endeavors to show from the testimony that the witnesses testifying to the insanity of the deceased were mistaken in fixing the time at the date of the will. It is argued that he was sane at that time, and subsequently insane. While there is some foundation for this theory, it is not, by any means, satisfactorily supported by the evidence. But we are not required to hold that the judgment of the court is in accord with the preponderance of the evidence, in order to support it. Under familiar rules prevailing here, it cannot be disturbed unless so unsupported by the evidence that a presumption is raised to the effect that the finding of the court below was the result of passion or prejudice, and not the result of the honest exercise of the discretion of the judge. There is no ground upon which such a

*1. PRACTICE in the supreme court: verdict: evidence.*

presumption can rest. The judgment, therefore, cannot be reversed because unsupported by the evidence.

II. Evidence was admitted, against plaintiff's objection, showing the condition and conversations of the intestate just before his death. He appeared, as the witnesses testify, sane—more rational than they had ever known him. In this conversation he declared that he had not been in his right mind for twenty years. Other evidence was admitted, under like objection, showing that he had made another will some years before his death, at a time when he was unquestionably insane. His conversation and declarations in regard to it, and the will itself, were admitted in evidence. All this evidence, it is now argued, was erroneously admitted.

*2. INSANITY: proof of: confessions.*

The issue involving the sanity of the deceased was determined upon evidence presenting quite fully his history for more than twenty years. It was also shown that his mother and other members of his family were insane. For most of the time covered by this evidence he had been employed in business, and the plaintiff claims that while so employed he was of sound mind. The facts connected with his personal history were properly admitted in evidence, and considered upon the issue of sanity. His deportment, conversation and acts were competent to show his condition of mind. Whatever would throw light upon the issues of the case was properly admitted. The circumstance that the deceased when sane expressed the opinion that for twenty years past, and prior to the date of the will, he had been of unsound mind surely is competent as tending to prove his insanity.

The will made while he was insane, and his conversation in regard to it would, with other evidence, tend to rebut the presumption of sanity arising from the form or character of the will offered for probate, if any such presumption could be exercised or should be claimed. The two papers differ but little in form, and exhibit equal intelligence and capacity. In the disposition of the property of deceased is found the only difference in the two instruments.

*3. ——: ——: will.*

The conclusion would be justified that if, while unquestion-

ably insane, the decedent executed intelligently a will, it cannot be claimed from the fact that the will offered for probate appears to be the work of a rational mind that he was sane when he executed it.

No other questions are presented by the record, or discussed in the arguments of counsel. The judgment of the Circuit Court is

AFFIRMED.