## SCOTT v. CHICKASAW COUNTY.

46   253<br>d141   562

1. **Public Lands:** LOCATION OF CERTIFICATE: TAX· SALE. Where the patent issued pursuant to the location of a bounty land certificate described another tract than that located, and the grantee took possession of that embraced in the patent, *held,* that he acquired no equitable interest in the land located under the certificate, and that it did not, therefore, become subject to taxation and sale for delinquent taxes.

*Appeal from Chickasaw District Court.*

WEDNESDAY, June 13.

ON the 2d day of April, 1862, the W. ½ of section 28, township 97, range 13, was sold by the treasurer of Chickasaw county, for the delinquent taxes of 1858, 1859 and 1860, and

in pursuance thereof deeds were duly executed to Pitt Cooke, under whom plaintiff claims. On the 27th of August, 1867, the aforesaid land was patented to Geo. W. Jones. The plaintiff in this action brought suit against Jones, to quiet title to said land, and at the March term, 1875, the Chickasaw Circuit Court decreed the tax sale and deeds to be void, for the reason that the title to the land was in the United States at the time the land was sold for delinquent taxes, and the land was not taxable for the years for which it was sold. This action is brought to recover from the county of Chickasaw the taxes paid by plaintiff and his grantors with interest. The defendant alleges that Geo. W. Jones was the equitable owner of the lands at the time the taxes were assessed, and that the lands were then subject to taxation. The cause was tried by the court, and judgment was rendered for the defendant for costs. The plaintiff appeals. The further material facts are stated in the opinion.

*Dosh Bros. & Carstens*, for the appellant.

*H. H. Potter*, for the appellee.

DAY, CH. J.—An act of Congress was approved on the 4th day of August, 1854, authorizing the legal representatives of John Rice Jones to locate an area of three thousand and four hundred and eighty-five acres of land, in full satisfaction of certain claims of Jones against the Government.

1. PUBLIC lands: location of certificate : tax sale.

On the 3d of July, 1855, William J. Barney and Caleb H. Booth, as commissioners, by virtue of a decree of the United States District Court for the District of Iowa, located a bounty land certificate in their names for the use and benefit of the legal representatives of John Rice Jones, pursuant to the provisions of said act of Congress. This bounty land certificate is followed by a list of the lands located, embracing the West ½ of section 28, township 97, range 13. In conformity with the act of Congress of August 4th, 1854, and pursuant to the location made by Barney and Booth, a patent issued from the United States conveying to the legal representatives of John

Rice Jones 3,480 acres of land, and by mistake including section 25, township 97, range 13, instead of section 28 of said township and range.

On the 3d day of December, 1861, the Commissioner of the General Land Office called attention to this mistake, and requested that the patent be returned with a relinquishment on its back of the said W. ½ of section 25, accompanied with a certificate of the proper county officer, showing that the tract is free from all incumbrances of any sort.

The legal representatives of John Rice Jones having mortgaged the said W. ½ of section 25, asked that the patent thereto might be affirmed, and that the order to return the original patent for correction might be rescinded. The Commissioner of the General Land Office, on the 26th of April, 1866, recommended that upon the written acceptance of the said representatives of the tract described in the patent, the patent should stand and relieve the matter of conflict and difficulty. This recommendation was approved by the Secretary of the Interior, April 28, 1866.

On the 14th day of January, 1867, Geo. W. Jones was permitted to enter the said W. ½ of section 28, by bounty land warrants under the act of 1855.

It is quite clear that the representatives of John Rice Jones, under the Act of August, 1854, and the location by Barney and Booth, were not entitled to both the W. ½ of section 25 and the W. ½ of section 28. The legal title to the W. ½ of section 25 passed by the patent. Probably, if no rights of third persons had attached, either party might have procured a correction of the patent to correspond with the original location. But the grantees of the patent accepted the conveyance of the W. ½ of section 25, and clothed with the legal title they mortgaged it to third parties. By this act, they lost all right to insist upon the correction of the mistake, and all equitable interest in the W. ½ of section 28.

As between the heirs of Jones and the United States, in March, 1873, at the time the suit between plaintiff and Geo. W. Jones, involving the validity of plaintiff's tax title was determined, the heirs of John Rice Jones had the legal title

to the W. ½ of section 25, and no equitable interest in section 28. At the time that suit was determined, the title, both legal and equitable, to the W. ½ of section 28 was in the United States. The plaintiff's tax title was properly held void, upon the ground that the land was not subject to taxation for the years for which it was sold. It follows that the plaintiff should have recovered from the county the taxes paid upon the lands, and interest. The cause is remanded for new trial.

REVERSED.