THE SINGER MANUFACTURING CO. v. McFARLAND ET AL.

1. **Evidence:** HANDWRITING: COMPARISON. Where the genuineness of a signature is in issue, it is competent for the person whose signature it purports to be, as well as the adverse party, to introduce in evidence other writings and signatures of his, shown to be genuine, for comparison with the one in dispute, and the fact that a signature so offered was made after the commencement of the action will not render it incompetent, but may be considered by the jury as affecting its weight.

*Appeal from Marion Circuit Court.*

MONDAY, APRIL 26.

ACTION upon a promissory note. The defendant Nichols denied under oath that he signed said note or authorized anyone to sign it for him, and alleged that his signature was a forgery. There was a trial by jury and verdict and judgment for the defendant. Plaintiff appeals.

*Stone & Ayres*, for appellant.

*Anderson & Gamble*, for appellee.

ROTHROCK, J.—The plaintiff, to sustain the issues on its part, produced a signature of defendant Nichols upon a slip of paper, and after proving that said signature was genuine introduced the same in evidence to the jury. The defendant offered himself as a witness in the case, and his counsel handed him his answer filed in the case, and the verification thereto attached, and proved by him that his signature thereto was genuine. Defendant thereupon offered the signature in his answer as evidence to be considered by the jury; to this the plaintiff objected; the objection was overruled. Plaintiff excepted, and now assigns this ruling of the court as error.

Section 3655 of the Code provides that " evidence respecting handwriting may be given by comparison made by experts

The Singer Manufacturing Co. v. McFarland.

or by the jury, with writings of the same person which are proved to be genuine." It is urged by counsel for appellant that the signature to the answer should not have been admitted, because the defendant had no right to offer a signature produced by himself to disprove by comparison the signature to the note. The argument is that the evidence should have been excluded on the same principle that if the plaintiff should prove statements or admissions made by defendant, the latter would have no right to disprove them by introducing counter statements of his own made at another time and place. But the evidence of the genuineness of the writing of a party by comparison with other writings, as authorized by the statute, is not thus limited, and it rests upon different grounds from admissions made by a party against his interest. The ground upon which such evidence is admitted is that in all genuine writings there is a similarity which will appear by comparison. Now, if the plaintiff is allowed to show by genuine signatures a similarity with the one in question, it should be equally the right of the defendant to show others that are dissimilar.

It is further urged that the signature to the answer should have been excluded because it was made after the controversy arose, and was simply the fabrication of evidence by the defendant. But the statute does not prescribe the time when the offered writing shall be made, and we do not think the court was authorized to exclude the evidence. It was proper to allow it to go to the jury for what it was worth. It would doubtless have been in better taste for the defendant to have introduced his writings made at a time and upon an occasion when the motive to disguise was not apparent. This was a matter for the consideration of the jury, but we can find no warrant for excluding the evidence.

AFFIRMED.