## Scott v. The County of Chickasaw.

1. **Pleading**: AMENDMENT: PRACTICE.  Amendments to the pleadings in a law action may be allowed, in furtherance of justice, after the case has been remanded for a new trial by the Supreme Court, and objections to an order allowing such amendment are waived by a failure to except thereto.

2. **Taxes**: RECOVERY FROM COUNTY: STATUTE OF LIMITATIONS.  An action for the recovery from a county of taxes paid upon property illegally assessed is barred in five years from the date of payment.  Following *Callanan v. The County of Madison*, 45 Iowa, 561.

3. ——: ——: FAILURE OF TITLE.  Taxes paid upon lands by one whose title to the lands afterward fails cannot be recovered from the county, where their levy was in all respects legal and valid.

*Appeal from Chickasaw District Court.*

WEDNESDAY, DECEMBER 17.

ACTION to recover for taxes paid by plaintiff and his grantors upon the lands which, as he alleges, were not subject to taxation.  The case was tried to the court below upon an agreed statement of facts, and judgment rendered for defendant.  Plaintiff appeals.  The case has been before in this court.  See 46 Iowa, 253.

*Dosh Bros.*, for appellant.

*H. H. Potter*, for appellee.

BECK, CH. J.—I. By reference to the opinion in this cause when it was before here, 46 Iowa, 253, it will be discovered that a tax title held by plaintiff had been, in a proper action, declared to be void for the reason that the land was not taxable for the years for which it was sold for taxes, 1858, 1859 and 1860, the title thereof being in the United States.  Thereupon plaintiff brought this suit to recover from the county, on the ground

that the equitable title of the land, when the assessment was made, was held by Jones, the defendant in the first action. We held that the land was not subject to taxation for the years for which it was sold, and the tax title, therefore, was properly adjudged to be void, and that plaintiff ought to recover from the county the taxes paid upon the land, and interest. The judgment of the court below was reversed and the cause was remanded for a new trial.

After the cause had been remanded to the court below, upon leave had, defendant filed an amendment to its answer alleging:

1. That the land was patented to Jones in 1867, upon an entry made the same year, and became subject to taxation for 1868, and subsequent years, and that plaintiff cannot recover against the county for taxes paid after the land became taxable.

2. That the taxes for the year 1868, and prior years, were paid by plaintiff more than five years before the commencement of this action, and recovery, therefore, is barred by the statute of limitations.

No objections were made, or exceptions taken to the order granting leave to file this amended answer by the plaintiff, his attorney being present when it was made. At the next term plaintiff moved to strike out the amendment to the answer on the grounds:

1. It was filed after the case was decided by the Supreme Court upon a trial *de novo*, and the judgment of the District Court reversed, and the cause remanded.

2. The defenses made in the amendment existed at the first trial, and were not pleaded by defendant.

3. The averments of the amended answer are in conflict with the opinion of the Supreme Court. This motion was overruled. The first error assigned by plaintiff assails this ruling upon the motion.

II. The plaintiff states in the abstract that the trial in this

court on the former appeal was *de novo.* This is denied by
1. PLEADING: defendant. The statement in the abstract and
amendment:
practice. motion is not correct; the case was and is at law,
and could not have been tried here *de novo.* This is clearly
shown by the opinion in the former appeal. The judgment
of this court reversed the decision of the court below, and
remanded the cause for a new trial. After the case was again
in the District Court, amendments to the pleadings were allow-
able in the furtherance of justice. Code, § 2689. *Bebb v.
Preston,* 3 Iowa, 325.

If any valid objection existed to the amendment, it should
have been made when leave was asked to amend in the court
below. By failure to except to the order of the court, objection
thereto was waived by plaintiff, and the ruling cannot be
assailed in this court. This conclusion is base dupon familiar
rules prevailing here.

III. The amendment is not in conflict with our former
decision in this case. We held that, upon the case then pre-
sented, the judgment of the court below so wanted the support
of the testimony that it could not be sustained. While the
decision is not thus expressed yet it is to this effect. The
cause was thereupon remanded for a new trial. We conclude
that the court below did not err, in refusing to strike defend-
ant's amended answer.

IV. Plaintiff insists that the judgment of the court below
now under review is so in conflict with the evidence, the agreed
2. TAXES: re- statement of facts upon which it was tried, that it
covery from
county: stat- cannot be supported. We will proceed to examine
ute of limita-
tions. this position. It will be remembered that we have
stated the land was sold for the delinquent taxes of 1858, 1859
and 1860, and plaintiff claimed title under this sale. It has
been determined in the first action and upon the former appeal
in this case, that, when the land was assessed and sold, it was
not taxable, and that Jones entered the land in 1867, and in

the same year received a patent therefor from the government. The land became taxable after Jones' entry, and was subject to taxation for 1868 and subsequent years. This action was commenced June 26th, 1876.

We must first inquire whether recovery for the taxes paid more than five years before the commencement of this action is barred by the statute of limitations. This inquiry will cover payments made previous to June 26th, 1871. The taxes for 1869 and prior years were paid before that date.

It may be admitted, for the purpose of the present inquiry, that the defendant was liable to plaintiff upon payment of these taxes on the ground that they were illegally assessed, the land not being subject to taxation. This is true as to all taxes levied before the entry of the land; it may be conceded as to other taxes paid prior to June 26th, 1871. We have held that an action to recover of a county, for taxes paid upon lands which were exempt from taxation, is barred in five years after the date of payment. *Callanan v. The County of Madison*, 45 Iowa, 561. The case before us, as to the taxes under consideration, falls within the rule and is upon all fours with the case cited. The correctness of our decision in that case is questioned by plaintiff's counsel. We discover no reason for doubting it, and are still well satisfied with it. The rule of the decision must be regarded as the settled doctrine of this court.

V. We come now to the consideration of the taxes paid after June 26th, 1871, recovery for which is not barred by the statute of limitations. The land, at that time, was subject to taxation, for it had been entered by Jones in 1867. Plaintiff or his grantors paid the taxes as owners of the land, under the tax deeds made in 1865 and 1867. The question presented is simply this: Can one claiming title under a tax deed recover from the county for taxes paid by him as owner of the land, which was subject to taxation, after he discovers that his title is void. It must be remembered

3. ——: ——: failure of title.

.that the payment here contemplated was not made in purchase of the land at tax sale; the payment was after the purchase was completed by the execution of a deed. The tax payer in this case stands in the same position as any other claimant of land whose title fails. Is the county liable to reimburse him for the taxes he has paid? Surely not, unless there be some statute creating such liability. We find no such statute. Counsel for plaintiff rely upon Revision, sections 762 and 785, to support the position that such liability exists. We are of the opinion that they have not the force claimed for them. Section 762 creates liability of the county when taxes are erroneous or illegal, on account of errors in the assessments, levy or other proceedings pertaining to the taxation of the property, and the taxes have been paid, or the land sold therefor; in such cases recovery may be had against the county. In the case at bar there was no irregularity in the proceedings for the taxation of the land; the property was subject to taxation and the taxes duly levied. The real foundation of plaintiff's claim is that he paid the tax when he was not the owner of the land. This does not bring him within the contemplation of the statute. It surely cannot be claimed that this section creates a liability of the county to persons paying taxes upon property not owned by them.

Section 785 provides that where the land is sold upon which no taxes were due, or in consequence of error in describing it in a tax receipt, "the county shall hold the purchaser harmless by paying him the amount of the principal, and interest and costs, to which he would have been entitled had the land been rightfully sold." But the plaintiff's case is not within the provision. The land upon which he paid was taxable, and the taxes were due; there was no error in its description.

It will be remembered that the taxes now under consideration are those that were paid after the tax deed was executed, not the taxes for which the land was sold. If either of these

sections created liability of the county to plaintiff for the taxes for which the land was sold, his action, as we have seen, is barred by the statute of limitations.

It may be, but the point we do not decide, that the owner of the land is liable to plaintiff for the taxes, so far as the remedy therefor may not be barred.

VI. Counsel insist that our former decision in this case, 46 Iowa, 253, holds that defendant is liable for the taxes paid by plaintiff. We decided in that case the questions raised upon the facts presented by the record. The defense to the action was that Jones, when the land was assessed, had an equitable and taxable interest in the property, and it was, therefore, subject to taxation. We found that this defense was not supported by the facts, and held that the land was not taxable. No other defense being urged we held that plaintiff ought to have recovered. We disposed of the question presented to us, and our decision is limited to that question. In the case as it now comes before us other defenses appear, and other questions arise. These we have determined as indicated above. The judgment of the District Court is

AFFIRMED.