NATIONAL WAREHOUSE & STORAGE COMPANY, Appellant, v. P. TOOMEY et al., Respondents.

St. Louis Court of Appeals. Argued and Submitted January 5, 1914. Opinion Filed February 3, 1914.

1. **APPELLATE PRACTICE: Conclusiveness of Verdict.** Where there is substantial evidence to support a verdict, the appellate court has no power to interfere therewith, provided the jury was properly instructed.

2. **INSTRUCTIONS: Repetitions.** The repetition of the same point in several instructions is largely within the discretion of the trial court; and parties have the right to have their view of the law presented in a form acceptable to them, provided

it is correct, even though it has been presented to the jury in a different form.

3. **EVIDENCE: Admissibility: Instructions Given at Prior Trial.** In an action for the breach of a contract, an instruction given for defendant at a prior trial, that plaintiff was entitled to recover nominal damages only, was not admissible as an admission that plaintiff was entitled to recover.

Appeal from St. Louis Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Henry H. Oberschelp* for appellant.

(1) The peremptory instruction for nominal damages for plaintiff, given by the court at the first trial at defendants' request, should have been allowed in evidence. It was a solemn admission of plaintiff's cause of action, conceding everything except the amount of damages. 38 Cyc. 1637; Pratt v. Conway, 148 Mo. 291, 299; Greenleaf on Evid., sec. 186; Eames v. N. Y. Life, 134 Mo. App. 331; Brookfield v. Drury College, 139 Mo. App. 339; State v. O'Neill, 151 Mo. 67, 80, 81; Overton v. White, 117 Mo. App. 576; Kirkpatrick v. Street Railway Co., 211 Mo. 81. (2) Instructions based on issues not raised by the pleadings and not contained in the evidence are erroneous. 38 Cyc. 1638; Crow v. Railroad, 212 Mo. 589, 610; Waddingham v. Hulett, 92 Mo. 528; McAtee v. Valandingham, 75 Mo. App. 45; Home Bank v. Towson, 64 Mo. App. 97; Center Creek v. Frankenstein, 175 Mo. 564. (3) It is error in instructions unduly to emphasize issue, theories or defenses, or to direct undue attention to particular evidence on behalf of either party, whether by repetition or by singling them out and making them unduly prominent. 38 Cyc. 1674; Tibbe v. Kamp, 154 Mo. 545; Liese v. Meyer, 143 Mo. 547. (4) An appellate court can and should set aside a ver-

181 App. 5

dict when against the evidence and even when convinced it is against the great weight thereof. Neill v. Cunningham Store Co., 149 Mo. App. 53.

*Judson, Green & Henry* for respondents.

(1) There was no reversible error in sustaining defendant's objection to the peremptory instruction given on the former trial of the case when plaintiff offered it in evidence at this second trial. That instruction was not an abandoned pleading, and, if it was an admission in any sense whatsoever, it was only an admission for the purpose of that particular trial, because it was based on the rulings of the court in that trial and upon the facts then in evidence. Admissions made by a party for the purpose of a particular trial only cannot be offered in evidence at any subsequent trial. Hardin v. Forsythe, 99 Ill. 312; McKinney v. Salem, 77 Ind. 213; Keane v. Fisher, 7 La. Ann. 334; Wentworth v. Lord, 39 Me. 71. A defendant does not admit or waive anything by the instructions he asks. Eberhart v. Bryson, 244 Mo. 507. (2) As a matter of law, if the words "No. 1" or any other part of the writing above the signature were added after the signature, and without Mr. Toomey's consent, as he testified they were, then the alleged contract was void, and plaintiff could not recover. Robertson v. Toppan, 48 Mo. App. 239; Mockler v. St. Vincents, 87 Mo. App. 473; Keely v. Thuey, 143 Mo. 422. The instructions correctly embody and present to the jury this well-established proposition of law. Mockler v. St. Vincents, 87 Mo. App. 473.

REYNOLDS, P. J.—This action was instituted before a justice of the peace, by attachment for breach of a contract evidenced by the following memorandum:

"Independence, Iowa, ........ 190..
"M .......................
"In account with Toomey & Ahearn.
                                          10/27/06.
"Sold to National W. H. & St. Co. 12 cars No. 1
Tim. hay at $12.00 ton track Independence.
                              "TOOMEY & AHEARN."

Along with this memorandum a statement was
filed in which it is set out that on or about October
27, 1906, defendants entered into a contract with plain-
tiff by which they agreed to sell and did sell to plain-
tiff twelve cars No. 1 timothy hay at $12 per ton.
Charging that no part thereof had been delivered to
plaintiff, although demand had been made therefor,
plaintiff demands judgment in the sum of $404 and
interest and costs.  Plaintiff recovered before the jus-
tice and the cause being appealed to the circuit court,
on a trial there a verdict, under an instruction by the
court, was returned in favor of plaintiff for one dollar
as nominal damages.  Plaintiff appealing to our court
from that judgment, we reversed it for exclusion of
certain evidence tending to show that there was no
market at Independence, Iowa, at the time, and of evi-
dence offered tending to show the value of hay in the
St. Louis market.  For error in excluding this evidence
our court reversed the judgment of the circuit court.
A motion for rehearing, however, having been filed
and sustained, the judgment of reversal being set
aside, pending the reargument the cause was trans-
ferred to the Springfield Court of Appeals.  There the
judgment of the circuit court was reversed and the
cause remanded for like reason as given by our court.
The opinion of the Springfield Court of Appeals, un-
der like title, will be found in 144 Mo. App. 516, 129
S. W. 423.  The cases coming back to us under the
decisions of the Supreme Court, in State ex rel. Dun-
ham v. Nixon et al., 232 Mo. 98, 133 S. W. 336, and
kindred cases, we adopted the opinion of the Spring-

field Court of Appeals and reversed and remanded the cause. [See 160 Mo. App. 622, 140 S. W. 1196.] The cause being retried in the circuit court, resulted in a verdict for defendant; judgment following, plaintiff has appealed.

Appellant assigns four grounds for reversal. First, that the trial court erred in refusing to allow plaintiff to introduce in evidence the peremptory instruction for nominal damages, given by the court at the request of defendants at the former trial. Second, that the trial court erred in giving two certain instructions, it being assigned that in one of them the court had unwarrantedly assumed that there was evidence that the contract might have been entered into and thereafter altered by inserting the term "No. 1," or that all the words above the signature were written before defendant Toomey affixed the signature of his firm, except the words "No. 1," and that the contract was thereafter altered by the insertion of these words, and that in the other instruction the court had unwarrantedly assumed that there was evidence that only some of the words in the contract may have been written before Toomey, one of the defendants, affixed the firm's signature and other words thereafter. The third assignment is to alleged error of the trial court in giving on behalf of defendants three instructions, all as alleged, in form most favorable to defendants and highly prejudicial to plaintiff; and fourth, that the verdict was contrary to the evidence and the great weight thereof.

The case was tried, so far as the admission of testimony as to the market value of the hay, in conformity with the rule laid down by the Springfield Court of Appeals and approved by our court in the decisions above referred to.

At this last trial, however, there was evidence introduced challenging the execution of the memorandum in the form in which it is set out, defendants hav-

ing denied its execution under oath. There was evidence on the part of plaintiff tending to show that the memorandum above set out was in the form as set out and had been signed in that form by one of the partners of Toomey and Ahearn and delivered in that form to the agent and representative of plaintiff. There was evidence on the part of defendants contradicting this and tending to prove that all of the memorandum embracing the words, "sold to National W. H. & St. Co. 12 cars No. 1 Tim. hay at $12 ton track Independence," had been written on a billhead or letterhead lying loose in defendants' office, and that these words had not been written by any of the members of that firm, and also tending to show that the notation "No. 1," preceding the words "Tim. hay at," etc., were never written in by any one representing the defendants and that defendants never had any such bargain or dealing with plaintiffs as set out in this memorandum calling for 12 cars No. 1 timothy hay.

To say that the evidence was conflicting, is putting it mildly; it was flatly contradictory on everything relating to the execution of this memorandum, and as to the fact of any such contract as purports to be set out in this memorandum ever having been entered into on the part of defendants with plaintiff, or as to there ever having been any contract between the parties. We cannot agree with learned counsel for appellant that the evidence so decidedly preponderated in favor of plaintiff that it was the duty of the trial court to have so instructed the jury, and that it is our right and duty, passing on this great preponderance of testimony, to now hold that the jury should have been so instructed. We not only find no such preponderance of evidence, but cannot hold that we, as an appellate court, are to pass on the preponderance of testimony; on the contrary, if there is substantial evidence in support of the verdict, we have no power to interfere with the verdict, provided the jury was prop-

erly instructed on the law of the case. Counsel for appellant cite in support of their contention that we have a right to interfere with the verdict on the ground that it is against the evidence and against the general weight thereof, Neil v. Cunningham Store Co., 149 Mo. App. 53, 130 S. W. 503    That is a decision by the Springfield Court of Appeals in a case transferred to that court from our court. It is true that some color is lent to this contention by that decision, but upon that case coming back to us, under the decision of the Supreme Court in State ex rel. Dunham v. Nixon et al., supra, upon consideration, we were unable to agree with our learned brethren of the Springfield Court of Appeals in this conclusion, and distinctly repudiated this ruling. [See Neil v. Cunningham Store Co., 160 Mo. App. 513, loc. cit. 518, 140 S. W. 947.]    This disposes of the fourth assignment of error, that the verdict was contrary to the evidence and the great weight thereof.

The second and third assignments of error are to the instructions given by the court at the instance of defendants. We do not reproduce these instructions; they are long and would hardly be intelligible without a very full recital of the evidence in the case, and it can serve no useful purpose to do that. The evidence was largely devoted to the question of the genuineness of the memorandum, as to whether it had been signed in the form in which it appears, or had been altered, even as to whether there had been any purchase of any hay. As before noted, this evidence is in irreconcilable conflict. These instructions complained of presented defendants' theory of the case in its several aspects, and we cannot say that they were unsupported by the evidence in the case. Defendants were entitled to this, provided the instructions also followed the law. In that respect, we find no error. Nor do we think they were unduly favorable to respondents. Counsel for appellant claims that as the instruction given at the

instance of plaintiff correctly covered the law of the case, it was error to have gone over the same ground in the instructions asked by and given at the instance of defendant. That is not quite correct. The repetition of the same point in several instructions is largely in the discretion of the trial court and parties have a right to have their view of the law of the case presented in a form acceptable to them, provided it is correct, even if it has been presented to the jury in a different form.

The remaining assignment of error, and indeed the first, is on the action of the trial court in refusing to admit in evidence at this trial, an instruction asked and given at the instance of respondent in the former trial of the case, to the effect that under the evidence in the case plaintiff was entitled to recover nominal damages only. The argument here is, that the instruction "was a solemn admission of plaintiff's cause of action, conceding everything except the amount of damages." With all the diligence of learned counsel for plaintiff, he has cited us to no authority which sustains the proposition that this instruction should have been admitted in evidence in this case for the purpose claimed, or indeed for any purpose. There may be cases in which an instruction asked in one case may be given in evidence in another as an admission, but this is not such a case. We see no error in the action of the trial court court in excluding it from evidence.

Finding no reversible error in the trial of the cause in the circuit court, the judgment of that court in favor of defendants should be and it is affirmed. *Nortoni* and *Allen, JJ.,* concur.