## POMROY & CO. v. PARMLEE.

1. PRACTICE. When the defendant in an attachment suit, moved the court to discharge the property attached, for the reason that the levy was effected by fraud and violence, which motion was heard upon affidavits introduced by both parties, and was overruled; whereupon an appeal was taken to the Supreme Court, in which the order of the court below overruling the motion was reversed, and a *procedendo* issued accordingly; it was held that the court below could not permit the parties to introduce additional affidavits, and that the only course it could pursue, was to make an order in accordance with the ruling of the Supreme Court, sustaining the motion and discharging the property.

*Appeal from Scott District Court.*

TUESDAY, DECEMBER 13.

THIS case was before this court at the last term—9 Iowa 140. Certain property was attached, as belonging to defendant. He moved to discharge it because of the circumstances under which the levy was made by the sheriff. To sustain his motion he introduced several *ex parte* affidavits, and in opposition to it, like affidavits were introduced by plaintiff. The motion was overruled in the District Court, and that ruling was reversed in this, it being held from the showing made that the levy was illegal and could not hold the property. A *procedendo* issued accordingly, and at the next succeeding term of said District Court, defendant moved that the sheriff be ordered to return the property attached, and to discharge the same from the writ, in accordance with

Pomroy & Co. v. Parmlee.

the decision of this court. The judge below was of the opinion, that the plaintiff would have a right to introduce and file additional affidavits, and have a new trial of the motion in fact, and accordingly overruled defendant's motion for the discharge and surrender of the property. From this ruling defendant appeals.

*James Grant* for the appellant.

*Cook, Lindley & Clark* for the appellee.

WRIGHT, C. J.—The parties submitted the motion originally made to discharge the property, upon *ex parte* affidavits upon such a showing as they severally supposed to be sufficient to sustain their respective positions. The District Court held that this showing was not sufficient; this court held that it was. When this ruling was made, the motion being in effect and in fact sustained, there being no order or provisions given to present further affidavits, and no such order asked, it seems to us that as to this fact of the case, there remained but one thing to do by the court below, and that was to order a return of the property in accordance with the opinion and finding of this court.

Appellees in their argument claim that the question presented is one of practice, and that it is not unlike a case of a verdict for plaintiff, a motion to set it aside overruled in the District Court, and this decision reversed. And it is asked whether in that instance the case would not be remanded for a second trial. We answer, most certainly, and for the very simple reason, that in reversing the decree of the court below, the court determines *that a new or second* trial should have been directed, and orders that it shall now be given. The object of the new trial is that the opinion of another jury shall be taken upon the testimony to be submitted. The finding of this court is not that one party or the other is conclusively entitled to recover, but that under all the circumstances a new trial should be ordered. When a new trial is ordered in the court below, and this

ruling reversed here, the order invariably is that judgment shall be entered upon the verdict, and not that any farther or other steps shall be taken looking to another trial.

Now if a party submits his motion for a second trial, upon the ground of newly discovered testimony, or because of the misconduct of the jury, or because of some fraud practiced by the opposite party, which, he claims, entitle him to relief, and to sustain this motion, introduces his proof whether by *ex parte* affidavits or otherwise, and if his motion shall be sustained in the court below and overruled here, we are aware of no case that gives the party resisting the verdict, the right to introduce still further affidavits when the cause is remanded. Nor in the case supposed is the rule changed when the motion is overruled in the District Court, and sustained in this. In either instance, nothing remains to the court below, but to proceed to enforce the judgment, or direct a new trial as may be required, by the *procedendo*. This case stands upon motion. The question before us at the last term, was whether the motion should or should not have been sustained. It was determined that it should have been sustained, upon the showing as made by the respective parties. The former opinion settled the whole question, and among other things that the court and not a jury was the proper tribunal to decide whether the property was seized, under such circumstances as entitled defendant to its release. Neither party was entitled to a jury trial upon the motion. Such a proceeding is unknown in a court exercising common law jurisdiction. The suggestion that the motion now under consideration was made and called up *before* the case was reached on the docket, we give but little, and indeed, no weight, from the fact that the court based its ruling upon the ground that the plaintiffs had a right to introduce further affidavits. It being determined that they have not this right, there is nothing left to try and nothing to do, but to carry out the mandate of this court. And this could be done either with or without a motion at any time

after the receipt of the *procedendo* and the accompanying opinion.

The order overruling the motion is reversed.