LORD v. ELLIS.

1. PROCEDENDO. A *procedendo* from the Supreme to the District Court, commanding the affirmance of a judgment rendered by a justice of the peace in a cause in said court by writ of error, is not addressed to the discretion of the court; and a refusal to make an order of affirmance in accordance with such *procedendo* is erroneous.

*Appeal from Hardin District Court.*

THURSDAY, OCTOBER 11.

THIS action was commenced, and judgment rendered for plaintiff, in a justice's court. The defendant removed it to the District Court by writ of error, and in that court the

judgment of the justice was reversed. From this judgment the plaintiff appealed to the Supreme Court, and at the December Term, 1859, (see 9 Iowa 301,) the judgment of the District Court was reversed, and a *procedendo* issued commanding the District Court to affirm the judgment of the justice. Upon this *procedendo* the plaintiff moved the District Court for an order affirming the judgment of the justice. The defendant in resisting the motion filed an affidavit setting up matter which occurred prior to the appeal to the Supreme Court. The motion was overruled, and plaintiff appealed.

*E. W. Eastman* for the appellant.

*H. C. Henderson* for the appellee.

WRIGHT, J.—When this case, at the December Term, 1859, of this court was remanded, the order directed that the District Court *affirm* the judgment of the justice. Under this order the court below had nothing to do but to enter the judgment as directed[1]. And it is certainly true that no fact or circumstance existing *prior* to the first hearing in the District Court could be interposed as a reason against such affirmance. The matter alleged by appellee in the court below, in this instance as cause against such order, occured before, and if by his own *laches* or failure to plead or make the same known at the proper time, he has been damaged he must suffer the consequences.

The motion of appellants for an order affirming the judgment of the justice should have been sustained.

Judgment reversed.

---

1. See *Pomroy & Co.* v. *Parmlee*, 10 Iowa 154.