## ARTZ v. THE C., R. I. & P. R. R. Co.

| 38 | 293 |
| 89 | 81 |
| 38 | 293 |
| 108 | 179 |
| 38 | 293 |
| 122 | 473 |

1. **Practice:** REVERSAL: NEW TRIAL. In a law action the reversal of a judgment precludes a new trial only when the facts in issue are settled either by agreement of the parties, a finding by the court or the special verdict of a jury.

2. **Railroads:** CONTRIBUTORY NEGLIGENCE: INSTRUCTIONS. Instructions to the effect that the plaintiff would be entitled to recover if defendant were negligent and plaintiff's own carelessness did not *materially* contribute to the injury, *held* to be erroneous.

3. ———: ———. In an action to recover for an alleged injury, plaintiff cannot recover when he was in whole or in part the proximate cause of the injury.

*Appeal from Muscatine Circuit Court.*

FRIDAY, APRIL 24.

THIS action was brought to recover for personal injuries to the plaintiff caused by a collision of a train of cars on defendant's railroad with the plaintiff's wagon, in which he was riding, upon the highway where the railroad crosses the same. The petition alleges the cause of the injury to have been the negligence of defendant's employees operating the train, and avers his own care. On a trial to a jury a verdict of —— was given for plaintiff, upon which judgment was rendered. Defendant appeals.

*Richman & Carskadden*, for appellant.

*Cloud & Broomhall and Amos H. Kagy*, for appellee.

MILLER, CH. J.—This is the second time this case has been before us on appeal. It is reported in 34 Iowa, p. 153, to which reference is made for a full statement of the facts in the case. The evidence in the record before us varies but slightly from the facts as there stated.

I. After the decision of the cause in this court the plaintiff procured the case to be re-docketed in the Circuit Court and made an amendment to his petition, and demanded a trial, 1. PRACTICE: reversal: new trial. whereupon defendant filed a motion to dismiss the action and strike the same from the docket, which being overruled, was excepted to by defendant and is now assigned as error.

The ground upon which appellant's counsel based this motion, and now urges that the ruling thereon was erroneous, is that the former decision of the cause in this court was grounded upon the "undisputed facts in the case," holding that the plaintiff could not recover thereon.

It is true that in reversing the judgment on the former appeal we based the decision of the court upon the facts as shown by the record then before us, upon which we held that the plaintiff was not entitled to recover. But such holding

did not deprive the plaintiff from showing a state of facts upon a new trial upon which he might recover.

It is only (in actions at law) where the facts in issue in a cause are settled, either by an agreement of the parties, a finding of the court or a referee, or by the special verdict of a jury, that a reversal of the judgment in this court is final, and precludes a new trial in the court below. *Gray v. Rogan*, Dec. term, 1873.

In this case the facts were not settled in either of these ways, so as to preclude either party from showing them, in a new trial, to be different. What is meant by the "undisputed facts in the case" on the former appeal, were certain facts appearing in evidence that were not in any manner contradicted by other evidence in the case. It was not intended to convey the impression that these undisputed facts had been agreed to by the parties *as the facts in the case*, but simply that, as the rec rd then stood, they were undisputed.

II. On the trial the court gave the following instructions to the jury: "If you find from the evidence that the defendant, or its servants and employees, were guilty of negligence, by reason of which the alleged injury to the plaintiff was caused, and that the plaintiff did not, by carelessness on his part, *materially* contribute thereto, then the plaintiff will be entitled to your verdict; and he may also recover, notwithstanding he may have been careless in going upon the track, provided the defendant's servants and employees who were running the train knew of such careless act of the plaintiff and then omitted to use a proper degree of care to avoid the consequences of such careless act; and that such omission was the direct cause of the injury."

2. RAILROADS: contributory negligence: instructions.

"But if you find from the evidence that the plaintiff's injury was solely the result of his own carelessness, or that by carelessness on his part *he materially* contributed thereto, then the plaintiff cannot recover, even though there was negligence on the part of defendant's employees in running said train; unless you also find that said employees knew of plaintiff's carelessness in going upon the track, and omitted to

use a proper degree of care to avoid the consequence, and that such omission was the direct cause of the injury."

In these instructions the jury are told that if the plaintiff *materially* contributed to the injury by his own carelessness or negligence, he cannot recover. But if he did not *materially* contribute to the injury, he might recover. This was error. Had the court informed the jury that for the plaintiff to contribute in any degree to the injury by his own negligence would have been material, and would defeat his recovery, the use of the term "*material*" would have been harmless, though unnecessary. Without this explanation the jury would naturally understand the court as informing them that the plaintiff might have been guilty of a degree of negligence which was not *material*, and notwithstanding which he might recover. One of the meanings of the term "materially" is, "in an important degree"; (see Webster's Unabridged Dict.,) and this is the meaning which would properly be attached to it as used in these instructions. They very clearly import that there might be a degree of negligence on the part of the plaintiff contributing to the injury which was not important, and would not defeat his right to recover; that if he did not, by carelessness on his part, contribute "*in an important degree*" to the injury, he might recover. In other words, that the plaintiff might contribute in *some* degree to the injury, and still recover for the injury; but that if his carelessness contributed to the injury in a higher or greater degree, which the court terms "material," he would not be entitled to recover. These instructions are based on the doctrine of "*comparative* negligence," which prevails in Georgia and Illinois, but in none other of the States. The doctrine of "*contributory* negligence" has been adopted and frequently announced by this court. In *McAunich v. The M. & M. R'y Co.*, 20 Iowa, 338, it was held that no one can recover for injuries of which his own negligence was, *in whole or in part, the proximate cause*. In *Haley v. C. & N. W. R'y Co.*, 21 Id., 15, it was held that the plaintiff can not recover for an injury resulting from the negligence of the defendant, if the want of care or prudence in the party injured

*in any way contributed directly to the injury.* To the same effect are the following cases: *Sherman v. Western Stage Co.,* 24 Id. 516; *Spencer v. The Ill. Cent. R'y Co.,* 29 Id., 55; *Hunt v. C. & N. W. R'y Co.,* 26 Id., 363; *Donaldson v. The M. & M. R'y Co.,* 18 Id., 280; *Hoben v. The B. & M R. R'y Co.,* 20 Id., 562; *Kesee v. The C. & N. W. R'y Co.,* 30 Id., 78; *O'Keefe v. C., R. I. & P. R'y Co.,* 32 Id., 467; *Artz v. Same,* 34 Id., 153; *Dodge v. The B., C. R. & M. R'y Co.,* Id. 276; *Doggett v. The Ill. Cent. R'y Co.,* Id., 284; *Carlin v. The C., R. I. & P. R'y Co.,* (October Term, 1873); *Reynolds v. Hindman,* 32 Iowa, 146.

The error of these instructions is not cured by the fact that the court, at the request of the defendant, correctly instructed the jury in this respect. These are in conflict with those given at the instance of the appellant, and it cannot be determined which were regarded by the jury. The judgment of the Circuit Court must therefore be

REVERSED.