## MEADOWS v. THE HAWKEYE INS. Co.

1. **Practice:** MOTION FOR VERDICT ON PLAINTIFF'S EVIDENCE: ADMISSION OF FACTS BY: EFFECT OF. At the conclusion of plaintiff's testimony, defendant moved the court to direct a verdict in its favor. *Held* that by so doing it admitted all the facts which the testimony tended to prove, but that the case was not then in the same position as if the admitted facts had been established by a special finding upon a full submission; because, even though, as the evidence stood, the motion ought to have been sustained, it was clearly within the discretion of the court to permit plaintiff to introduce further testimony, omitted by mistake or inadvertance. And so, where the motion was overruled, and defendant elected to stand on such ruling, and appealed to this court, and the ruling was reversed, and a *procedendo* in the usual form was issued, *held* that a motion by defendant in the lower court for judgment in its favor, without the introduction of further evidence, was properly overruled.

*Appeal from Ringgold District Court*

SATURDAY, SEPTEMBER 26.

THIS is an appeal by defendant from an order of the district court overruling a motion for judgment. The material facts are stated in the opinion.

*R. W. Barger*, for appellant.

*Henry & Spence* and *Laughlin & Campbell*, for appellee.

REED, J.—Plaintiff brought this action on a policy of insurance. Defendant answered, admitting the execution of the contract but alleging that it contained a provision that the commencement of foreclosure or other proceedings upon any mortgage, lien or incumbrance of any kind, or of any suit or action in any court concerning the title in any wise, should immediately render the policy void; and that, subsequent to the execution of the policy, foreclosure proceedings were commenced on a mortgage covering the property insured. To this answer plaintiff filed a reply, in one paragraph of

which he denied its averments, and in another paragraph he admitted said allegations and pleaded certain matter in avoidance. On the trial of the issue thus formed, plaintiff introduced the policy, and certain evidence which tended to prove the destruction of the insured property, and the damages occasioned thereby, and rested. Defendant then filed a motion to direct the jury to return a verdict for it, on the ground that the facts constituting the affirmative defense pleaded in the answer were admitted by the reply, and there was no evidence tending to prove the matter pleaded in avoidance. This motion was overruled, and, defendant electing to stand on this ruling, a verdict was returned for plaintiff, and judgment rendered thereon, from which defendant appealed to this court. On the hearing of that appeal the judgment was reversed, on the ground that the court erred in overruling said motion. See *Meadows v. Hawkeye Ins. Co.*, 62 Iowa, 387. Defendant then filed in this court a motion for final judgment in its favor, on the ground that, upon the facts proven in the case, it was entitled to such judgment. This motion was overruled, and *procedendo* was issued in the usual form, directing the district court to proceed in the manner required by law in harmony with the opinion of this court. When the case was again reached in the district court, counsel for plaintiff stated that they did not desire to file any amendment or additional pleading. Defendant thereupon filed a motion for judgment on the ground that by its motion to direct a verdict, filed at the former trial, it fully admitted every fact which plaintiff's evidence tended to prove, and upon those facts it was determined by the judgment of this court that plaintiff was not entitled to recover. This motion was overruled by the district court, and it is from that order that the present appeal is prosecuted.

Defendant's first position is that, by its motion to direct a verdict in its favor on the trial of the cause at the conclusion of plaintiff's evidence, it admitted every fact which the evi-

dence introduced by plaintiff tended to prove. The correctness of this position is settled by the former adjudications of this court. See *Stone v. Chicago & N. W. R. Co.*, 47 Iowa, 82; *Muldowney v. Illinois Cent. R. Co.*, 32 Id., 176; *Way v. Illinois Cent. R. Co.*, 35 Id., 585.

The next position of counsel is that by this admission the case was put in precisely the same position it would have occupied if the same facts had been established by a special finding by the court or jury after full submission, and hence the case is within the rule laid down in *Roberts v. Corbin*, 28 Iowa, 355, viz.: that " where a judgment of the district court, rendered upon a special finding of facts, is appealed to the supreme court, and there reversed on the single ground that the law as applied to the facts as thus found is with the appellant, and the cause remanded, with directions to the district court that further proceedings be had therein not inconsistent with the opinion of the supreme court, the appellant is entitled to judgment therein in the district court, and no new trial can be had."

If we were to concede counsel's premises, his conclusion would follow necessarily. We think, however, that he is wrong in his premises. The case is not in the same position as it would occupy if the admitted facts had been established by a special finding upon a full submission. The real question presented by defendant's motion to direct the jury to find for it was whether, under the reply, it was required to prove its affirmative defense before plaintiff was called upon to establish the matter pleaded in avoidance of that defense. If the court had sustained the motion and held that the facts constituting the affirmative defense were admitted by the reply, it clearly would have been within its discretion, before receiving the verdict, to have permitted plaintiff to introduce evidence to establish the matter in avoidance. It is common practice in the *nise prius* courts to permit parties to introduce material evidence at any time before verdict, which has been omitted by mistake or inadvertence, and this practice

has always been approved by this court. See *Donaldson v. Mississippi & M. R. Co.*, 18 Iowa, 280; *Cannon v. Iowa City*, 34 Id., 203; *Crane v. Ellis*, 31 Id., 510; *Hubbell v. Ream*, Id., 289; *McNichols v. Wilson*, 42 Id., 385.

The order of this court reversing the ruling of the district court on the motion to direct a verdict placed the case in the same position it would have occupied if the district court had sustained the motion. The order appealed from will therefore be

AFFIRMED.