FRANK LANDIS, Appellant, v. INTERURBAN RAILWAY COMPANY,
Appellee.

**APPEAL AND ERROR:** Reversal—Proceeding After Remand. A
*general* order of reversal in a law action, tried in the lower court
to a jury, has the effect of sending the cause back to the lower court
for *full retrial,* even though the opinion on reversal shows that
the evidence was insufficient to sustain the judgment of the lower
court. The supreme court *may* avoid a retrial, if the circum-
stances warrant, by entering, or by specifically ordering the lower
court to enter, a final judgment. (Sec. 4139, Code Sup., 1913.)

PRINCIPLE APPLIED: In an action for personal injury, the
court, on appeal from a judgment in plaintiff's favor, found that
plaintiff (a) was guilty of contributory negligence and (b) was
not entitled to recover on the doctrine of the "last clear chance".
The final language of the opinion on reversal was: "For the
reasons pointed out, the judgment must be, and it is, reversed."
The procedendo to the lower court provided that "you proceed
in the manner required by law and in harmony with the opinion
of this court, anything in the record or proceedings aforesaid
heretofore certified to the contrary notwithstanding". *Held,* lower
court should have tried the case *anew.*

**MAXIMS:** Application. The maxims, "that a man shall not be
twice vexed for one and the same cause", and "it is to the
public welfare that there be an end of litigation", are not applic-
able to the case of a remand, on appeal, for retrial or resub-
mission of the facts, under the same issues.

*Appeal from Dallas District Court.*—L. N. HAYS, Judge.

MONDAY, NOVEMBER 1, 1915.

REHEARING DENIED, JAN. 14, 1916.

THIS is an action at law to recover damages for personal
injury sustained by the plaintiff. It has once before been in
this court, where the judgment of the trial court was reversed.
*Landis v. Interurban Railway,* 166 Iowa 20. A procedendo
issued to the trial court on September 30, 1914. Some time
after that, a paper denominated an amended and substituted

petition was filed by plaintiff, setting up substantially the same grounds of negligence. Appellee, the defendant in the court below, filed a motion in two divisions, one to strike the new pleading, and the other for a judgment. Defendant's motion to strike was overruled, but there is no appeal from that ruling. Defendant's motion for judgment was sustained. This appeal is from the action of the court in sustaining the motion for judgment.—*Reversed.*

*E. J. Kelly* and *H. G. Giddings,* for appellant.

*Parker, Parrish & Miller* and *White & Clarke,* for appellee.

PRESTON, J.—The only issue presented was on the motion for judgment upon the record as then made. No evidence was taken or offered. The action was originally brought August 15, 1912, to recover damages for personal injury to plaintiff. It was tried to a jury, resulting in a verdict for plaintiff, and the cause was then appealed to this court by the defendant company. The judgment of the trial court was reversed by the supreme court and the cause sent back to the district court for further proceedings. After the cause had been assigned for trial, and before it was reached, defendant filed its motion for judgment, which, as before stated, was sustained. At the time this motion was sustained, the cause stood in the trial court without proof on either side, but upon the issues made by plaintiff's petition and the denial of the defendant, save as the same may have been altered by the legal effect of the former trial, appeal and reversal. The errors relied upon by defendant on that appeal were resolved in favor of plaintiff, except upon the question of plaintiff's contributory negligence. Following the discussion of that evidence, the court said:

1. APPEAL AND ERROR: reversal: proceeding after remand.

"While not departing from the rule that questions of negligence and of contributory negligence are, as a general

thing, primarily for a jury, it is nevertheless as much our duty in clear cases to say that a defendant who is without fault should not be held to answer for an injury done, as that a plaintiff or a party injured who has not shown himself free from contributory negligence, but, on the contrary, has failed to exercise the care required of him, cannot throw the responsibility upon another, although such other may also have been at fault. So long as the doctrine of contributory negligence applies, it must be recognized by both courts and juries, and, if juries fail in their duty, the responsibility is upon the court. Such responsibility is even greater where a jury fails to do its full duty than where it exercises its judgment upon a fair conflict in the testimony, or in the inferences to be derived therefrom. There is, to our minds, no explanation for the accident, save that plaintiff was entirely heedless or oblivious of his surroundings.''

On the question of last fair chance, also submitted to the jury in the first trial, we said: ''As we view the record, there was not sufficient testimony to justify a verdict on this ground.'' The opinion finally concluded as follows: ''For the reasons pointed out, the judgment must be, and it is, reversed.'' Thereafter, the ordinary procedendo issued to the trial court containing these provisions, wherein it is stated that the supreme court:

''On the 14th day of May, 1914, did reverse the judgment aforesaid granted in the court below and order further proceedings to be had in said court not inconsistent with the opinion of the supreme court. Therefore, you are hereby commanded that, with the speed which of right and according to law you may, you proceed in the manner required by law and in harmony with the opinion in this court, anything in the record or proceedings aforesaid heretofore certified to the contrary notwithstanding.''

At the time the motion was heard, the plaintiff did not tender or offer of record any testimony, and there was no further hearing or trial in the district court after the reversal,

except the hearing of the two motions before referred to. The order reversing the case on the first appeal, as stated in the opinion, was general, and it is not claimed that the supreme court in its opinion gave any specific direction that the trial court should enter a judgment for defendant upon the finding of the supreme court that plaintiff was guilty of contributory negligence. This could have been done. The rule, as stated in some of the cases, is that, in actions at law:

"It is only where the facts in issue in a cause are settled, either by agreement of the parties, a finding of the court or a referee, or by the special verdict of a jury, that a reversal of the judgment in this court is final."

But we think the statute is broad enough to authorize this court, if the circumstances warrant, to render a final judgment; that is, such a judgment as the district court should have entered. Such has been the practice, at least. See *McCarl v. Clarke County*, 167 Iowa 14, 26. In that case, the holding was that we should not extend the ruling further than the case of *McCann v. Clarke County*, 149 Iowa 13. The purpose was to end litigation, and the opinion specifically directs the trial court upon remand to render a judgment for the other party. We think the question has been foreclosed by our own decisions. In *Seevers v. Coal Co.*, 166 Iowa 284, 294, 295, we said:

"A reversal of the judgment on appeal, with order for new trial general in form, and with no directions to the trial court limiting its scope or effect, brings the case back for trial upon the issues joined just as if the former trial had never taken place. . . . Indeed, after considerable research we have been unable to find any authority sustaining the position that after a reversal of a judgment in a law action, with an order for new trial limited by no directions from the appellate tribunal, the trial court may proceed to enter judgment for either party on any of the issues joined because of anything appearing in the record of the former trial."

In *Dryden v. Wyllis*, 53 Iowa, at 391, we said: "It was,

however, the duty of the district court to proceed, try, and determine the issues joined in the petition for a new trial, as if no appeal had been taken. All that this court held in the former appeal was that the evidence was not sufficient to sustain the judgment, but it was not held that the plaintiff could not introduce more evidence, and thus establish the fact that he was entitled to a new trial.''

See also, *Pomroy v. Parmlee,* 10 Iowa 154; *Meadows v. Hawkeye Ins. Co.,* 67 Iowa 57; *Gray v. Regan,* 37 Iowa 688, 690; *Artz v. Chicago, R. I. & P. R. Co.,* 38 Iowa 293; *Inman Mfg. Co. v. American Cereal Co.,* 155 Iowa 651; 2 R. C. L. 244; *Talcott v. Delta County Land & Cattle Co.,* (Colo.) 73 Pac. 256; *Gas-Light Co. v. Zanesville,* 47 Ohio 35; *Belskis v. Dearing Coal Co.,* 246 Ill. 62 (92 N. E. 575); *Rigdon v. Moore,* 242 Ill. 256 (89 N. E. 992). These cases generally hold that, where a law case is reversed on appeal and remanded to the lower court for further proceedings, the case goes back to the trial court and there stands on the issues as if the former trial had not taken place. It is conceded by plaintiff that there are some cases in other jurisdictions sustaining the defendant's contention. Suppose a law action is reversed because of some error in the trial court in giving an instruction, ought we to hold that the trial court, upon reversal, general in terms, may not attempt to give an instruction on that subject which states a correct rule of law? We are unable to see any distinction, under such circumstances, between the point supposed and a reversal because the evidence upon the first trial is not sufficient upon some point. To be sure, if, upon a retrial of the case after reversal, if the evidence is the same as upon the first trial, and the court indicates that the evidence is not sufficient, the trial court should be ruled by the first opinion. The evidence introduced upon the former trial is not a part of the record in the sense that it may be considered on a second trial, unless it is offered in evidence. Under some circumstances, the transcript may be offered and used. Or suppose, upon a retrial, the plaintiff should (as is sometimes done,

improperly perhaps,—yet it might be possible to properly correct his evidence) change his testimony on the question of contributory negligence, his evidence upon the second trial would be the evidence in the case; and if his testimony upon the first trial is offered, after proper foundation, that would be impeaching only. *State v. Carpenter*, 124 Iowa 5; *State v. Dietz*, 162 Iowa 332.

It is thought by appellee that, when the motion for judgment was presented, plaintiff should have resisted the motion and made a showing that he did have additional or different testimony. But suppose that is done and the showing is made by affidavit and by such means he obtains permission of the trial court to retry his case, but his supposed new or different evidence is not forthcoming and the evidence in fact is the same as upon a former trial. The showing amounts to no more, under such circumstances, than the right to try the case over again, in order that it may be determined whether there is any new or different evidence.

Appellee cites a large number of cases to sustain the legal maxims: ''It is a rule of law that a man shall not be twice vexed for one and the same cause''; and ''It is to the public welfare that there be an end of litigation.''

2. MAXIMS: application. These propositions at this point are not disputed by appellee. The Iowa cases cited by appellee are readily distinguished from the case -at bar. The cases of *Stodghill v. Chicago, B. & Q. R. Co.*, 53 Iowa 341; *Hayes v. Chicago, M. & St. P. R. Co.*, 64 Iowa 753, and *Hogle v. Smith*, 136 Iowa 32, involve the doctrine of *res adjudicata*. In *Lord v. Ellis*, 11 Iowa 170, the trial court was directed by the appellate court to enter judgment. *Zalesky v. Home Ins. Co.*, 114 Iowa 516, involved the question of estoppel because of changes in the pleadings upon former trials. *Ingold v. Symonds*, 134 Iowa 206, was a case where plaintiff on a retrial attempted to amend his petition, changing the issues entirely from those presented at the first trial. It is not a case of retrial or resubmission of the facts under the same

issues. *Chicago, M. & St. P. R. Co. v. Hemenway,* 134 Iowa 523; *Steltzer v. Chicago, M. & St. P. R. Co.,* 167 Iowa 464; *Adams v. Burlington & M. R. Co.,* 55 Iowa 94; *Hogle v. Smith, supra,* were equity cases. *Hensley v. Davidson,* 143 Iowa 742, was a case in which there had been a trial to a jury and a verdict for plaintiff and the verdict was set aside by the trial court. This case was reversed by the supreme court, with directions to enter judgment on the verdict; and it was held that, upon a second appeal by defendants, they could not urge objections to the instructions that should have been urged in support of the trial court's action on the first appeal. We think it is not in point on this question. *In re Estate of Cook,* 143 Iowa 733, is relied upon; but that was a case involving the question of amendment to pleadings following an appeal, by which the issues were entirely changed. Such is not the case with the cause before us. As stated, there was no change in the issues by plaintiff's so-called amended or substituted petition. The trial court so held, and defendant has not appealed.

There may be some other cases cited, but we are very clear that the trial court erred in rendering a judgment for the defendant without any evidence to support it. Such ruling and judgment is reversed and the case is remanded, with directions to the district court to proceed and hear the case anew. If the evidence is the same as before on the question of contributory negligence, the trial court will direct a verdict for the defendant upon that ground. If there is a change in the testimony, the trial court should exercise its judgment as to whether there is a jury question upon the question of contributory negligence and other questions in the case, if there should be a change in the testimony as to such.—*Reversed* and *Remanded.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.