J. F. SANDERS, Appellant, v. SUTLIVE BROS. & COMPANY et al., Appellees.

**APPEAL AND ERROR:** Reversal—Proceedings After Reversal. A *general* order of reversal in a law action, tried in the lower court to the court, has the effect of sending the cause back to the lower court for *full* retrial, even though the opinion on reversal shows that the evidence was insufficient to sustain the judgment of the lower court. The Supreme Court *may* avoid a retrial, if the circumstances warrant, by entering, or by specifically ordering the lower court to enter, a final judgment. (Sec. 4139, Code, 1897.)

> PRINCIPLE APPLIED: The final language of the opinion on reversal was: "From the conclusions reached, the judgment of the trial court is reversed." The procedendo to the lower court ordered: "Further proceeding to be had in said court not inconsistent with the opinion of the Supreme Court." *Held*, the lower court should have tried the cause *anew*.

*Appeal from Lee District Court.*—H. BANK, JR., Judge.

MONDAY, NOVEMBER 1, 1915.

REHEARING DENIED FRIDAY, APRIL 7, 1916.

ACTION at law. Upon a reversal of the case in this court, procedendo issued, and thereafter in the district court, plaintiff filed a motion assailing defendants' answer, and defendants filed a motion for a final judgment upon the procedendo. Plaintiff's motion was overruled. Without the introduction of any evidence or the offer of any, the trial court sustained defendants' motion for final judgment, dismissed plaintiff's petition, and rendered judgment against plaintiff for costs Plaintiff appeals.—*Reversed*.

*John M. Dawson, W. J. Roberts,* and *A. W. O'Hara,* for appellant.

*Hughes & McCoid,* for appellees.

PRESTON, J.—1. The substance only of the answer and plaintiff's motion attacking it are set out in the abstract. We do not understand plaintiff to now rely upon that ruling for reversal. The reversal upon the former appeal was general, and in the opinion, there was no specific direction to enter judgment in accordance with the opinion. 163 Iowa 172. The reversal of a law case ordinarily means a new trial. Under certain circumstances, the Supreme Court may render such judgment as the district court should have rendered, or direct it to be done. Code Section 4139. The procedendo issued from the office of the clerk of the Supreme Court stated that said court:

APPEAL AND ER-ROR: reversal: proceedings after reversal.

"Did reverse the judgment aforesaid as rendered in the court below, and order further proceedings to be had in said court, not inconsistent with the opinion of the Supreme Court."

The opinion of the Supreme Court, rather than the clerk's interpretation of it in the procedendo, controls as to what the holding and decision of the court was.

We think the case is ruled by the opinion in *Landis v. Interurban,* 173 Iowa 466. The only difference is that in that case, the trial was to a jury; while in the instant case, a jury was waived and the trial had to the court. The first judgment in this case recited that the court "finds for the plaintiff." There was no specific finding of facts. It is said by appellant that this court's review of the evidence upon the former appeal of this case was made in the consideration of the standing motion for a new trial, originally provided for by Chapter 49 of the Acts of the 11th General Assembly, and still supplied by Section 4106 of the Code, upon the ground that the lower court's general finding was not sustained

by, or was against, the evidence; and that the opinion in this case was a ruling that such motion was or should be sustained by the lower court upon remand. We are inclined to this view, but we think it is now more a question of the construction and effect of the order of reversal. The cases, or many of them, are referred to in the *Landis* case, *supra*.

It is contended for appellees that "specific directions contained in the mandate of the appellate court are beyond the judicial discretion of the lower court, and hence must be implicitly followed by the latter court," citing 3 Cyc. 481; and that when a case has been remanded, with special directions, it is out of the power of the court receiving such directions to open the case and have a new trial. This may be conceded. But in this case, the reversal was general, without any specific directions, except that the procedendo provided that the lower court proceed in a manner not inconsistent with the opinion of the Supreme Court. Appellees also contend that it is the rule of the Supreme Court that the decision of that court on appeal becomes the law of the case on a retrial, and the lower court must follow it, whether right or wrong; and that, if the pleadings and the facts are substantially as those in the case on appeal, then the court below on retrial can do nothing but enter a new judgment in accordance with the opinion of the Supreme Court. Undoubtedly, if the pleadings and the facts are the same on the retrial, then the lower court should be ruled by the opinion of the Supreme Court. But whether the facts are the same on a second trial depends upon a hearing of the facts, and would be determined upon the second trial. The parties have the right to put in further or different evidence on a retrial. Upon the new trial, the appellee has the right and may be able to make out a case in accord with the opinion of the Supreme Court. *Artz v. Chicago, R. I. & P. R. Co.*, 38 Iowa 293; *Russ v. American Cereal Co.*, 110 Iowa 743, 121 Iowa 639, 641; *Vogt v. Grinnell*, 133 Iowa 363. In the case cited by appellees on

this proposition, there was a second trial. *Johnson v. Chicago, St. P., M. & O. R. Co.,* 123 Iowa 224.

Counsel for appellees cite the case of *Drefahl v. Tuttle,* 42 Iowa 177, where it is said:

"When a cause is tried by the court without a jury, it is not necessary, in order to secure a review of the case in the Supreme Court, that there should have been any finding of facts or conclusions of law stated on the record. . . . In this case, the court made a finding of facts and stated his conclusions of law thereon. These are part of the record, and upon these, the error of the court is made to appear. From the facts found, the court should have rendered judgment for the plaintiff instead of for the defendant. The judgment must, therefore, be reversed and the cause remanded, with directions to the district court to render judgment for plaintiff, or, if he so elect, such judgment may be rendered in this court."

It is said by appellees that this case is on all fours with the case at bar. But a clear distinction is that in that case, there was a specific direction by the Supreme Court in its opinion to the district court to render judgment for the opposite party. Generally, where the finding of the court or verdict of the jury is not sustained by the evidence, the remedy is a new trial.

Other questions are argued, but the determination of the foregoing decides the case. For the reasons given, the cause is reversed and remanded for a new trial, with directions to the district court to proceed and hear the case anew. If the record is the same on the retrial, the court will be controlled by the opinion on the first appeal; and if there is a change in the testimony, the trial court should exercise its judgment on the record as the case then stands.—*Reversed* and *Remanded.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.