J. B. McNIEL, Plaintiff, v. DISTRICT COURT, Defendant.

APPEAL AND ERROR:   Reversal—Proceedings After Reversal—
1   Certiorari—Intoxicating Liquors—Contempt.   A general order of reversal in a certiorari proceeding to test the validity of an order discharging one accused in contempt proceeding has the effect of sending the cause back to the lower court for *full* retrial, even though the opinion on reversal was on the ground that the court ought to have entered a judgment of conviction against the accused.

APPEAL AND ERROR:   Questions of Fact—Evidence—Necessity to
2   Present—Certiorari—Intoxicating Liquors.   On certiorari to test the legality of an order discharging one accused of contempt in unlawfully selling intoxicating liquors, the evidence on which the discharge was based must be presented.

*Certiorari to Muscatine District Court.*—L. J. HORAN, Judge.

SATURDAY, FEBRUARY 19, 1916.

ACTION in certiorari to test the validity of the action of the court in discharging the defendant in contempt proceedings.—*Affirmed.*

*Betty & Betty,* for plaintiff.

*J. F. Devitt,* for defendant.

Gaynor, J.—This case is before us on certiorari. The petition for the writ alleges:

That an action entitled "The State of Iowa v. Theodore Keuchmann" was tried in the district court of Muscatine County, Iowa, wherein the defendant was charged with violating an injunction forbidding the sale or keeping for sale of intoxicating liquors; that, at the conclusion of the trial, the contempt proceedings against him were dismissed, and the defendant discharged; that a writ of certiorari was sued out, and the cause taken to this court; that an opinion was rendered by this court on the 12th day of January, 1912, holding that the district judge erred in discharging the defendant. The order of discharge was annulled. The opinion is found in 153 Iowa 630 (*McNiel v. Horan*). That thereafter, the matter was referred to the district court of Muscatine County by a procedendo issued on the 26th day of February, 1912, commanding that L. J. Horan, judge of said court, proceed with said cause in the manner required by law, and in harmony with the opinion of this court; that thereupon, and in obedience to said order, the said judge annulled and set aside his former ruling, and, the defendant Keuchmann being cited again to appear and show cause why he should not be adjudged in contempt, the court permitted the original cause to be reopened, and permitted the defendant Keuchmann to introduce further testimony in support of his contention. That a retrial was had to said court, over plaintiff's objection, in June, 1913, and the above cause was fully submitted to the court. The court took the same under advisement until the 22d day of September, 1914, when he rendered a judgment finding the defendant not guilty of contempt, and ordered his discharge.

"Your petitioner now complains that said judge acted

1. APPEAL AND ERROR: reversal: proceedings after reversal: certiorari: intoxicating liquors: contempt.

illegally and without jurisdiction, in permitting the introduction of certain testimony after said cause had been returned to him from the Supreme Court, and that, by so doing, he ignored the judgment of the Supreme Court annulling the former conviction.''

Thereupon, the petitioner for the writ sets out the opinion of the Supreme Court on the former hearing. The former opinion, to which reference is made, simply holds that, under the record made in that case, which was then before this court, the district judge erred in discharging the defendant, and this court said:

"It follows that the learned district judge erred in the discharge of the injunction defendant, and that the order of discharge must be annulled. Reversed.''

The record now before us, so far as it discloses anything, discloses that the district court, following the finding of this court, and in obedience thereto, annulled and set aside its former order, cited the defendant Keuchmann again to appear and show cause why he should not be adjudged in contempt. The defendant did appear, in obedience to said order, and thereupon the cause was re-opened and retried. The defendant was permitted to and did introduce further testimony in his own defense. The cause was then submitted to the district court upon the record then and there made, and the court again found the defendant not guilty of contempt, and discharged him. Whether the testimony, as given on the former trial, was again submitted to the court, or was before the court, the record does not disclose.

None of the testimony introduced on this trial has been certified to this court, nor has the "further testimony offered by the defendant in his defense'' been certified here. We are asked to say that the judge erred in discharging the defendant upon the record then made, which is not before us. We have no means of knowing what the record is, upon which the judge acted in discharging the defendant. If the evidence in the trial below was the same, or substantially the same, as

that upon the former hearing, it might be argued that the finding of this court would be binding upon the district court. It appears, however, so far as anything from this record does appear, that there was further testimony. It is so recited in the plaintiff's application for the writ, and is so recited in the order of the court discharging the defendant.

The holding on the former decision was that Centennial Tonic Bitters contained sufficient alcohol to make it an intoxicating liquor, capable of being used as a beverage. The finding of the district court now under consideration is that this Bitters, *as compounded and sold by the defendant* (we have no means of knowing how it was compounded and sold by the defendant), was, in fact, a medicine, and was not reasonably capable of being used as a beverage; and, as compounded by the defendant, the defendant, as a registered pharmacist, had a legal right to sell. There is nothing before us on this hearing except the application for the writ of certiorari, the order of the judge for the writ and the service of the writ, the judgment of the court below, and the opinion of the Supreme Court upon the former hearing.

The contention of the plaintiff seems to be that, when this court annulled the former order and reversed the case, the district court should have proceeded at once to pronounce judgment of contempt on the record as made on the former trial, without any further opportunity to the defendant to be heard, and that the court erred in the retrial of said cause, and in permitting the defendant to introduce further testimony. To support this contention, plaintiff relies upon *Sexton v. Henderson,* 47 Iowa 131, and *Lombard v. Gregory,* 88 Iowa 431. Both of these cases were equity cases, triable *de novo* in this court, and the judgment and decree of this court were final and conclusive, and ended the litigation. Nothing further remained for the district court except to enter a judgment or order in accordance with the final judgment and decree of this court.

We are also cited to *Lord v. Ellis,* 11 Iowa 170. In this

case, it appeared that the judgment was rendered in favor of the plaintiff in the justice court. The defendant removed it to the district court on writ of error. That court reversed the judgment of the justice. It was brought to this court on appeal. The court found that the district court erred in reversing the cause, and ordered said court to affirm the judgment of the justice. This court said:

"When this case, at the December Term, 1859, of this court, was remanded, the order directed that the district court affirm the judgment of the justice. Under this order, the court below had nothing to do but enter the judgment as directed."

In the said case, there was a direct order from this court to the court below to do a certain thing, leaving no discretion in the district court in the premises. Upon procedendo reaching the district court, the plaintiff moved for an affirmance of the judgment of the justice court. The court said: "The motion of appellant for an order affirming the judgment of the justice should have been sustained", the reason being that this court had ordered the district court to so do.

Our attention is called to *Pomroy v. Parmlee,* 10 Iowa 154. This was before the court on a motion to discharge attached property. Upon the record made, the court below overruled the motion. On appeal to this court, it was found that the court erred in overruling the motion, and the cause was reversed. Procedendo issued, and the defendant moved that the sheriff be ordered to return the property attached and to discharge the same from the writ, in accordance with the decision of this court. The judge below was of the opinion that the plaintiff would have a right to introduce and file additional affidavits and have a new trial upon the merits, and therefore overruled the motion. From this, the defendant appealed. It is said that the former opinion settled the whole question; that there was nothing further for the district court to do but to follow the order of this court made upon the record, and that neither party was entitled to a further hear-

ing. That cause was submitted on a motion, and the correct-
ness of the ruling upon the motion was the only question
before the court. The district court overruled the motion.
This court said it should have sustained the motion. It was
accordingly sustained, and that ended the controversy.

In the case before us, however, the decision of this court
did not determine the controversy between the parties. It
simply held that the court erred in discharging the defendant
on the record then made, and, so finding, annulled that order
and reversed the case.

We think the controversy here is fully disposed of in *Gib-
son v. Hutchinson, Judge,* 148 Iowa 139, 141, in which it is
said:

"The annulment of the order for Gibson's discharge did
no more than to restore the contempt proceedings to the posi-
tion they occupied before it was entered, and the district court
was clearly within its authority and in the strict line of its
duty in assuming jurisdiction to act without reference to
such erroneous order."

In Gibson's case, he was cited to appear before the district
court on a charge of contempt in the violation of a liquor
injunction. A hearing was had, and he was discharged.
Certiorari issued, and the matter was brought to this court.
Upon the hearing here, it was found that the court erred in
discharging the defendant, and the order of discharge was
annulled. After the decision of the Supreme Court, annulling
the former order discharging the defendant, Gibson was re-
arrested upon the original charge of contempt, and, upon a
retrial before the district court, he was found guilty as
charged, and adjudged to pay a fine. To annul this order
and fine, the proceedings in certiorari were instituted. In
this court, the order of conviction was annulled, on the ground
that the evidence taken down upon the trial was not filed as
required by law.

This case fully disposes of the controversy here, and
shows that when a writ of certiorari is issued in a particular

case, and, upon a hearing in this court, the order discharging the defendant is annulled, the cause goes back for retrial, and each party is entitled to introduce all the evidence again, the same as if no trial had been had, and the court then is required to act upon the record made upon such trial. His judgment, whether right or wrong, must be judged by the record made upon such trial.

Here, we have no means of knowing upon what evidence the district court acted in discharging the defendant. It does not even appear that the former evidence upon such retrial was presented. Having before us no record of the evidence on which the court acted, we cannot say that the court erred in discharging the defendant, and .the writ is therefore dismissed, and the order discharging defendant—*Affirmed.*

2. APPEAL AND ERROR: questions of fact: evidence: necessity to present: certiorari: intoxicating liquors.

EVANS, C. J., LADD and SALINGER, JJ., concur.