J. R. OWENS, Appellant, v. NORWOOD-WHITE COAL COMPANY,
Appellee.

**APPEAL AND ERROR:** Reversal—General Order of Reversal—Ef-
fect. A *general* order of reversal in a law action tried in the
lower court to a jury has the effect of sending the cause back
to the lower court for *full retrial* on the former issues, even
though the opinion on reversal is based upon the insufficiency
of the evidence for plaintiff.

*Appeal from Polk District Court.*—CHARLES A. DUDLEY,
Judge.

NOVEMBER 26, 1917.

ON a former trial, the present appellant recovered a
judgment. This was, on appeal, reversed, on the ground
that, upon the record, the plaintiff had failed to make a case
by the evidence. Procedendo issued in the usual way; the
plaintiff had the cause reassigned for trial. Defendant moved
for judgment, on the theory that the effect of the appellate
decision was to put the cause of plaintiff in the same con-
dition as if the Supreme Court had held on review *de novo*
that plaintiff had failed to make a case. The trial court
sustained this motion, and plaintiff appeals.—*Reversed.*

*J. L. Gillespie,* for appellant.

*Parker, Parrish & Miller* and *C. Woodbridge,* for ap-
pellee.

SALINGER, J.—I. The foregoing statement fairly pre-
sents what must of necessity be, and is, the position of the
appellee. It insists that the aforesaid judgment of reversal,
being based upon insufficiency of the evidence for plaintiff,
operates as a final judgment, and that it should so operate
because the law purposes "that a man shall not be twice

vexed for one and the same cause;" that "it is to the public welfare that there be an end of litigation;" and that "it concerns the commonwealth that things adjudged be not rescinded." Practically nothing is added to this statement, except to call our attention to the fact that no offer to amend the petition, and thus to tender any new issue or cause of action or new defense to the plea of settlement interposed by the defendant, was attempted, and that there was no attempt to offer or introduce any evidence additional to that which had been introduced on the former trial and fully considered by this court on appeal. We are of opinion that this contention is fully answered, and against the appellee, by *Landis v. Interurban R. Co.,* 173 Iowa 466. To the same effect is *Sanders v. Sutlive,* 175 Iowa 582.

We held, in *Landis'* case, that the maxims "that a man shall not be twice vexed for one and the same cause," and "it is to the public welfare that there be an end of litigation," are not applicable to the case of a remand on appeal for retrial or resubmission of the facts under the same issue; that a general order of reversal in a law action tried below to a jury has the effect of sending the cause back to the lower court for full retrial, even though the opinion on reversal shows that the evidence was insufficient to sustain the judgment of the lower court; and that, while the Supreme Court may in such case avoid a retrial, if that is what should be done, in its judgment, it does not so order by a general reversal, but must do so by entering special order, or by specifically directing the lower court to enter a final judgment. We applied this principle to an action for personal injury where, on appeal from a judgment in favor of plaintiff, the Supreme Court found that he was guilty of contributory negligence, and was not entitled to recover on the doctrine of the last clear chance, and where the final language of the opinion on reversal was, "for the reasons pointed out, the judgment must be and it is reversed," and

the procedendo directed the district court to proceed in the manner required by law, and in harmony with the opinion.

Our final conclusion was that, therefore, the court erred in sustaining the motion of the defendant for judgment. We adhere to this position. Wherefore, the order and judgment appealed from must be—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.