J. A. BRUCE, Appellee, v. J. A. GALVIN, Appellant.

**APPEAL AND ERROR:** Reversal—Law Actions—Insufficiency of Evidence—Right to Retrial. Reversals in law actions, on the ground of insufficiency of evidence to support the verdict for plaintiff, send the causes back to the lower court for full *retrial,* subject to a directed verdict should the evidence on such retrial be the same as on the former trial.

*Appeal from Marion District Court.—J. H. APPLEGATE,*
Judge.

MARCH 18, 1918.

AN action at law, brought to recover damages on ac-
count of the alleged alienation of the affections of plaintiff's
wife. The cause was originally tried to a jury, which re-
turned a verdict for the plaintiff; and from the judgment
entered on the verdict, defendant appealed. Upon hearing
the appeal in this court, the judgment below was reversed,
on the ground that the verdict of the jury was without suf-
ficient support in the evidence. See 159 N. W. 586 (not of-
ficially reported). Thereafter, a procedendo was issued,
and, upon the filing thereof in the district court, the plaintiff
procured the reinstatement of the cause upon the trial
calendar, and noticed the same for trial. At this stage of
the proceedings, counsel for defendant entered a special ap-
pearance therein, for the purpose of objecting to the juris-
diction of the court to take any further action in the case
except to enter judgment against plaintiff for costs. The
objection so made was based upon the ground that the cause
had already been fully determined and adjudicated, and
that the attempt on the part of plaintiff to retry the cause
is inconsistent with the opinion rendered therein by the
Supreme Court on appeal. On these grounds, defendant
moved the court to strike the cause from the calendar for
want of jurisdiction, and to enter judgment against plaintiff
for costs. The court denied the motion, and from this
ruling the defendant appeals.—*Affirmed.*

*W. H. Lyon,* for appellant.

*Berry & Watson* and *W. G. Vander Ploeg,* for appellee.

WEAVER, J.—It is the theory of the appellant that this
court having found and held upon the former appeal that
the evidence produced on the trial was insufficient to justify

a verdict in plaintiff's favor, the decision is to be considered a final adjudication of the issue joined, and that, upon transmission of the procedendo, the district court acquired no jurisdiction to proceed further in the cause than to render final judgment against plaintiff for the costs of the action.

Were the question an open one in this state, much might be said in favor of the rule for which counsel contends. We are committed, however, to the proposition that, upon the reversal of a judgment on appeal of a law case because of insufficient evidence, the cause goes back to the lower court for a retrial, if either party demands it, unless it clearly appears from the record that, under no conceivable state of proof applicable to the issues, can the party against whom the reversal is ordered be entitled to judgment in his favor. *Landis v. Interurban R. Co.*, 173 Iowa 466; *Payne v. C., R. I. & P. R. Co.*, 47 Iowa 605; *Meadows v. Hawkeye Ins. Co.*, 67 Iowa 57. The precedents cited by appellant are not inconsistent with this holding. *Sanxey v. Iowa City Glass Co.*, 68 Iowa 542, *Shorthill v. Ferguson*, 47 Iowa 284, and *Adams County v. B. & M. R. R. Co.*, 44 Iowa 335, relied upon by appellant, are not in point. These cases were in equity, triable *de novo* on appeal, and it was there held that the losing party could not avoid the effect of a reversal by thereafter amending his pleading in the trial court and demanding a new trial.

Appellant's further proposition, that the finding or decision of this court is to be considered the law of the case, and binding upon the trial court as well as upon the litigants, is admittedly correct. But the one thing decided on the appeal was neither more nor less than that the evidence produced was not sufficient to sustain a verdict for the appellee; and if, on the retrial, the evidence offered shall appear to be only such as was before the court and jury on the first trial, then, of course, the rule referred to will be applicable, and it will be the duty of the court to direct a ver-

dict in appellant's favor. If, however, appellee shall support his claim by other competent evidence fairly tending to es-tablish the truth of the charge made in the petition, he will be entitled to go to the jury, notwithstanding the reversal of the former judgment.

The ruling of the district court was right, and it is—
*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.