ECLIPSE LUMBER COMPANY et al., Appellees, v. J. C. DAVIS, Agent, Appellant.

TRIAL: Verdict—Right to Formal Judgment.  A verdict which denies one of several plaintiffs a right of recovery necessarily arms the defendant with right to a formal judgment dismissing the petition of such unsuccessful claimant.

TRIAL: Verdict—General Verdict on Multiple Issues—Presumption.  The court will not, the rights of third parties being involved, assume that a general verdict, unaided by any special findings, was based on *one* of several different and permissible grounds.  (See Book of Anno., Vol. 1, Sec. 11511, Anno. 5 *et seq.*)

APPEAL AND ERROR: Reversal—Right to Retrial.  A retrial follows the appellate reversal of a cause on the ground of a failure to establish the proximate cause of an injury, unless the court can say, as a matter of law, that a retrial will necessarily be limited to

the testimony produced on the former trial. (See Book of Anno., Vol. 1, Sec. 12871, Anno. 161 *et seq.*)

APPEAL AND ERROR: Reversal—Retrial on Former Record. Parties
4  will not, after reversal, be deemed to have retried the cause solely on the former record, even though the former record is reintroduced *in toto*, when it is manifest that such reintroduction was made on the one issue whether a motion to dismiss should be sustained or overruled. (See Book of Anno., Vol. 1, Sec. 12871, Anno. 56 *et seq.*)

Headnote 1:  33 C. J. p. 1174. Headnote 2:  38 Cyc. p. 1901. Headnote 3:  4 C. J. p. 1231. Headnote 4:  4 C. J. p. 1231.

*Appeal from Jefferson District Court.*—E. S. WELLS, Judge.

FEBRUARY 9, 1926.

REHEARING DENIED JUNE 21, 1926.

APPEAL from an order by the district court overruling appellant's motion to dismiss the cause. The facts are set forth in the opinion.—*Modified and affirmed.*

*W. D. Eaton, J. C. Pryor, Starr & Jordan,* and *McNett & McNett,* for appellant.

*Thoma & Thoma, Nathan H. Chase, Harvey O. Sargeant,* and *Bates, Hicks & Folonis,* for appellees.

FAVILLE, J.— This action was originally brought to recover damages for negligence claimed to have been caused by the employees of a railroad company in blocking a street in the city of Fairfield and thus preventing a fire truck from arriving expeditiously at the scene of a fire in the property of appellee lumber company. The cause was originally tried to a jury, and verdict returned for the plaintiffs, except the Eclipse Lumber Company. Judgment was rendered on the verdict, and the defendant appealed. In this court the cause was reversed (*Eclipse Lbr. Co. v. Davis,* 196 Iowa 1349). After procedendo had been issued from this court, appellant filed in the district court a motion for dismissal of said cause, and subsequently amended said motion. Appellees filed a resist-

ance to said motion for dismissal. The motion to dismiss was based on several grounds, which may be summarized, however, in the contention that, under the opinion of this court in the former appeal, appellees were not entitled to a retrial of said cause, and that judgment should be entered dismissing said cause. A hearing was had upon the said motion to dismiss, and at said time appellant, in support of his motion, offered in evidence the transcript of the testimony and the record of the proceedings had upon the trial of the original cause in 1922, including the original pleadings, instructions, verdict of the jury, judgment, the opinion of this court, and the procedendo. Appellees offered in evidence the abstract of record and appellant's argument in this court upon the original appeal.

It is unnecessary for us to attempt to review or summarize the extensive record so made. The facts of the case are sufficiently set out in the opinion on the former appeal.

I. The verdict of the jury as shown by the record was as follows:

"We, the jury, find for the plaintiffs, except Eclipse Lumber Company, and against the defendant, J. C. Davis, as agent of the president, and assess the amount of their recovery at $34,500."

One ground of appellant's motion was that he was entitled to judgment on the verdict against the Eclipse Lumber Company. This portion of the motion should have been sustained.

1. TRIAL: verdict: right to formal judgment.     It does not appear that any formal judgment was entered upon the verdict against the Eclipse Lumber Company, and, the jury having found in favor of the other plaintiffs in the action, "except the Eclipse Lumber Company," appellant was technically entitled to a judgment upon the verdict in his behalf, dismissing the petition as to the Eclipse Lumber Company. The court should have sustained the motion to this extent.

II. The plaintiffs, aside from the Eclipse Lumber Company, are insurance companies that carried insurance upon the

stock of lumber of the Eclipse Lumber Company which was
destroyed by the fire in question, and, they
having paid the several amounts of insurance
for which they were liable under their policies,
the claim of the Eclipse Lumber Company
against appellant was assigned to the several companies, and
they were subrogated to the rights of the Eclipse Lumber Company, and bring this action by virtue of such subrogation.

2. TRIAL: ver-
dict: general
verdict on
multiple is-
sues: pre-
sumption.

It is appellant's contention that the motion for a dismissal
of said action should have been sustained because, the verdict
of the jury having been adverse to the Eclipse Lumber Company, under the facts of the case, appellees cannot recover;
the precise point being that the finding of the jury against
the claim of the Eclipse Lumber Company was of necessity a
finding, as a matter of law, that the Eclipse Lumber Company
had been guilty of contributory negligence, and, therefore, that
its assignees, the other plaintiffs, could not recover in this
action.

Of course, it was essential, to entitle plaintiffs to recover
in this action, that they prove that the Eclipse Lumber Company
was free from contributory negligence on its part; but the finding of the jury in the form of the verdict above set forth is
not necessarily a finding that the jury found the Eclipse Lumber
Company to be guilty of contributory negligence. There were
no special findings of the jury, and only the general verdict
referred to.

The Eclipse Lumber Company, by its pleadings and under
its evidence, contended, and offered evidence tending to show,
that the amount of total loss was in excess of the total amounts
of insurance paid to it by the insurance companies, who were
coplaintiffs with the Eclipse Lumber Company, and sought recovery for such excess. The court instructed the jury to the
effect that, if the Eclipse Lumber Company "suffered no loss
in excess of $35,000" paid to it by the other plaintiffs, or if
it found "that the amount to be so allowed to plaintiffs does
not exceed the sum of $35,000," then the Eclipse Lumber Company would not be entitled to participate in any recovery.

The court also instructed the jury that, if the lumber
company was guilty of contributory negligence, none of the

plaintiffs could recover in the action. It is the contention of appellant that there was evidence, as shown by the record, upon which the jury could find that the loss was in excess of $35,000, and that, therefore, the finding of the jury in favor of the plaintiffs, *except the Eclipse Lumber Company,* was necessarily a finding that the Eclipse Lumber Company had been guilty of contributory negligence. If this were true, it necessarily follows that the other plaintiffs, standing in the shoes of the Eclipse Lumber Company, could not recover. The difficulty with appellant's contention at this point is that the evidence in the case was sufficient to carry to the jury the question as to whether or not the total loss to the Eclipse Lumber Company exceeded the total amount of the insurance. This question was submitted to the jury, and there was evidence to warrant such submission. It was not for the trial court, nor is it for this court, to determine where lies the greater weight of the evidence on this question. But we cannot hold, upon the record, that the evidence is so conclusive that the loss did not exceed the amount of insurance that we must hold, as a necessary deduction therefrom, that the jury by its verdict must have found that the Eclipse Lumber Company was not entitled to recover because it was guilty of contributory negligence.

The deduction of appellant is not a necessary one under the record. The jury might have found from the record that the loss of the Eclipse Lumber Company was no greater than the amount of insurance received by it, and therefore denied it recovery for that reason. The jury might have found, under the evidence, that the Eclipse Lumber Company was guilty of contributory negligence, and therefore have denied it recovery on this ground. There are no special findings to indicate upon which ground the jury placed its verdict, and we cannot assume from the record upon which ground the verdict was predicated. Both questions were submitted to the jury for its determination.

It therefore follows that the court did not err in overruling appellant's motion to dismiss the cause upon the ground that, under the record, the verdict denying relief to the Eclipse Lumber Company was conclusive on the question of contributory negligence, and hence conclusive of a right of recovery on the part of the other plaintiffs in the case.

III. On the former appeal, we said (196 Iowa, at 1362):

" From a careful examination of the record in this case, we are constrained to hold that the question of whether or not

**3. APPEAL AND ERROR: reversal: right to retrial.** the blocking of the street was the proximate cause of the destruction of the property in question was wholly speculative and conjectural, and that the damages sought were remote, problematical, and speculative."

Appellant now strenuously contends that this is conclusive of the case. That would be true if it were inconceivable that appellees might furnish other evidence on this question upon a retrial of the case. But we cannot now hold that it is either inconceivable or impossible that appellees may, upon a retrial, produce other or different evidence bearing upon this question, which may be sufficient to carry the question to a jury.

IV. It is also strenuously insisted that the proceedings before the trial court on the motion to dismiss the cause amounted to a retrial of the case upon the record which was

**4. APPEAL AND ERROR: reversal: retrial on former record.** offered in evidence by both parties, and that upon such entire record appellant was entitled to have its motion sustained.

If it was the purpose and intention of the parties to submit the cause to the lower court for final determination upon the record previously made, as the sole record on a retrial, then there would be much force in appellant's contention, in view of the former holding of this court. But we think that that was not the intention of the parties, nor the situation presented to the trial court for its determination.

It appears from the record that, after the procedendo was issued from this court to the lower court, the cause remained on the docket in a quiescent state for some time, and that, in the course of time, appellees filed a trial notice in said cause. Thereafter, appellant filed the motion to dismiss the cause. It appears that the cause was duly placed upon the assignment docket of the court for trial to a jury at a subsequent date. Before said time was reached, the motion to dismiss was brought on for hearing before the court. The parties did not join in a trial of the cause nor a submission of the cause to the

court for final determination on the facts, but merely submitted the motion to dismiss.

It is true that, in presenting said motion to dismiss, and as a basis therefor, appellant offered certain records in the trial court and in this court, and that appellees offered an additional portion of said record; but all of the same was offered for the evident purpose of bearing, in so far as it was material and applicable, upon the question of whether or not appellant's motion to dismiss the case should be sustained without a retrial of the case. It was not a submission of the case to the court for a final determination and judgment upon the previous record. Had it been such, a very different question would be presented to us.

We think the court did not err in overruling appellant's motion for a dismissal of the case. The reversal of the original judgment by this court did not necessarily preclude appellees from a retrial of said cause. While the opinion of this court would be quite conclusive upon the rights of appellees if a retrial of said cause was had upon the same record as the former trial, it does not necessarily follow that appellees may not have other and different testimony upon a retrial that would not be wholly cumulative to the evidence offered in their behalf upon the original trial. That in such a situation appellees are entitled to a retrial is the general rule heretofore recognized and announced by this court. See *Meadows v. Hawkeye Ins. Co.*, 67 Iowa 57; *Landis v. Interurban R. Co.*, 173 Iowa 466; *Sanders v. Sutlive Bros. & Co.*, 175 Iowa 582; *Hawthorne v. Delano*, 183 Iowa 444; *Bruce v. Galvin*, 183 Iowa 145.

It is unnecessary that we review upon this appeal the questions of law discussed in the original appeal in this case. All that we are now holding is that the motion to dismiss the appeal should have been sustained in so far as the Eclipse Lumber Company was concerned, and that it should have been overruled as to the other grounds of the motion, and that appellees are entitled to a retrial of said cause; and whether the record upon a new trial brings them within the former record, and therefore within the purview of the former opinion, is a matter to be determined by the advent of such retrial.

The order of the district court in overruling appellant's

motion to dismiss said cause is modified to the extent that the motion should have been sustained in so far as the claim of the Eclipse Lumber Company is concerned; otherwise, the order of the trial court is affirmed.—*Modified and affirmed.*

DE GRAFF, C. J., and STEVENS and ALBERT, JJ., concur.

VERMILION, J., not participating.