## Cash v. Childers.

(Decided June 19, 1917.)

### Appeal from Graves Circuit Court.

Husband and Wife—Alienation of Affections—Criminal Conversation—Evidence—Sufficiency.—In an action by a husband for the alienation of his wife's affections and for criminal conversation, evidence examined, and held insufficient to take the case to the jury.

SPEIGHT & DEAN for appellant.

HESTER & HESTER and FOY & MURPHY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal and reversing.

Plaintiff, Dan Childers, brought this suit against R. L. Cash to recover damages for the alienation of his wife's affections. Subsequently Childers filed an amended petition, alleging criminal conversation between defendant and his wife. The trial before a jury resulted in a verdict and judgment for plaintiff in the sum of $350.00. Defendant has asked that an appeal be granted.

According to the evidence for plaintiff, his wife lived at the Home of the Good Shepherd, in Louisville, until

she was twenty-one years of age. She then went to Arkansas, where she and plaintiff were married. In the summer of 1914 they rented from the defendant a little home, located about two miles from Fancy Farm, Kentucky, where defendant lived. Up to this time they had been a happy and contented couple. Defendant was at plaintiff's home on three occasions only. On the first occasion defendant and his wife called on plaintiff and his wife shortly after plaintiff rented the house. On the other two occasions defendant was there, engaged with a workman in digging a cistern on the place. On one of these days a neighbor across the pike saw defendant sitting on a wagon tongue with Mrs. Childers. Plaintiff says that while he was at work in the cistern he heard defendant tell his wife that she did not have to stay there unless she wanted to. On the following Saturday morning Mrs. Childers informed plaintiff that she intended to leave him. After that she packed her valise and went out on the side of the road. Someone came by in a vehicle and she rode to Fancy Farm with him. Plaintiff afterwards came to town and endeavored to get from numerous persons the money to pay his wife's expenses to Louisville. Finally he approached defendant, and told him that if he would furnish $9.00 he (plaintiff) would work it out. Defendant informed plaintiff that he and Urey Higdon were going to Paducah in an automobile and Mrs. Childers could go with them. Plaintiff consented to this arrangement and Mrs. Childers did go to Paducah with Higdon and defendant. After arriving there they ate supper, and then went to the Tilley House, where a room was secured for Mrs. Childers. The party then went to a picture show. After the show Mr. Higdon and Mrs. Childers took an automobile ride. Upon their return defendant gave Mrs. Childers $5.00. He and Higdon then returned home. Some of plaintiff's relatives and connections testified that the reputation of the Tilley House was bad. The chief of police of Paducah and others testified that the Tilley House was an ordinary boarding house and its reputation was good.

Here, then, we have a case where it was shown that the defendant saw plaintiff's wife only three times, and on each of these occasions plaintiff and others were present. It was not shown that defendant paid Mrs. Childers any special attention. No private conversation oc-

curred between them. There was no love-making and no demonstration of affection. It does not appear that he used any blandishments or wiles that were in the least calculated to entice Mrs. Childers from her home. Nor did he make any attack on plaintiff, or say anything that would prejudice him in his wife's esteem. Plaintiff merely claims to have heard defendant say to Mrs. Childers that she did not have to stay there unless she wanted to. As the Childers were defendant's tenants, this remark, even if made, may have had reference to the occupancy of the place which they had rented, and cannot be construed as improper persuasion on the part of defendant. Nor does the fact that Mrs. Childers left Fancy Farm in company with the defendant and that he paid her some money tend to support the petition, for at that time she had already abandoned plaintiff, and the trip to Paducah and the payment of the money took place not only with plaintiff's consent, but at his special solicitation and request. Not only so, but the charge of criminal conversation was not sustained. While there was some questionable testimony that the reputation of the Tilley House was bad, it does not appear that defendant and Mrs. Childers occupied the same room at that hotel. Indeed, there was an utter failure to show any facts or circumstances from which it could be reasonably inferred that defendants relations with Mrs. Childers were improper. We, therefore, conclude that plaintiff's evidence was wholly insufficient to take the case to the jury, and that the trial court erred in not sustaining defendant's motion for a peremptory instruction.

Wherefore, the appeal is granted, the judgment reversed and cause remanded for a new trial consistent with this opinion.