CALVIN A. POTTER, APPELLEE, v. FRANK W. HOWSER, APPELLANT.

FILED MARCH 27, 1920.   No. 20605.

Husband and Wife: ALIENATION: PROOF. To maintain an action for alienation of a wife's affections, the proof must show that defendant's acts and conduct were not only intended to effect an alienation, but that alienation was thereby actually accomplished.

APPEAL from the district court for Butler county: EDWARD E. GOOD, JUDGE. Reversed.

*C. M. Skiles,* for appellant.

*Hastings & Coufal, A. V. Thomas* and *Matt Miller,* contra.

Dean, J.

Plaintiff recovered a judgment for $8,000 for alienation of his wife's affections, and defendant appeals.

The parties were married in 1900. Plaintiff was then about 28 and his wife about 18. They have six children, and in 17 years the family home has been in 10 or 12 places in three different states. In 1915 they moved to David City and lived as tenants at different times in two houses owned by defendant. This suit was begun in April, 1917.

It is charged that defendant, as a part of his plan to obtain the affections of Mrs. Potter, engaged her in telephone conversations in her husband's absence. Some testimony has been introduced on this point that in view of our conclusion we do not find it necessary to discuss.

Defendant denied that the telephone talks were on any subject other than respecting needed repairs about the house. He testified that his visits to the Potter home were necessary for the purpose of making repairs that were on one or more occasions made at plaintiff's request. The repairs he detailed at some length.

On the part of plaintiff there was testimony tending to prove that defendant was at one time seen riding in a buggy in the daytime with a lady whom the witnesses said they believed to be plaintiff's wife. There was also testimony to the effect that defendant's horse and buggy were frequently seen standing in front of plaintiff's house in the daytime. There is no testimony that defendant was ever at the Potter home except in the daytime, and there is no allegation of criminal conversation nor of an adulterous relation.

Defendant made a showing for a change of venue, and complained that there was local prejudice against him that prevented him from having a fair trial. While there

may have been some foundation for his complaint at the time of the trial, we are not prepared to say that the court erred in denying the application.

To maintain an action for alienation of a wife's affections, the proof must show that defendant's acts and conduct were not only intended to effect an alienation, but that alienation was thereby actually accomplished. *Bruce v. Galvin,* 183 Ia. 145; *Cash v. Childers,* 176 Ky. 448. It appears that while the present case was being tried Potter was living at his home with his family in a house owned by the defendant at David City.

Upon an examination of the entire record, we are satisfied that the competent evidence does not support the verdict. We believe that justice will be better served by a new trial.

REVERSED AND REMANDED.

